UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUANDER JOSE G.R.,[1]

        Petitioner,

    v.

WARDEN OF THE CENTRAL VALLEY ANNEX, et al.,

        Respondents.

No. 1:26-cv-06097-TLN-CSK

A# 245-628-684

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner Juander Jose G.R.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an opposition. (ECF No. 8.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL BACKGROUND

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is a noncitizen who entered the United States without admission and was encountered by Border Patrol in El Paso, Texas on December 19, 2023.  (ECF No. 8-1 at 3.)  Immigration authorities detained Petitioner, initiated removal proceedings against him, and then released him on his own recognizance.  (*Id.*)  Petitioner has since applied for asylum and he is not subject to an order of removal.  (ECF No. 1 at 5.)

On June 22, 2026, local law enforcement arrested Petitioner after a domestic dispute, however, it appears that no charges were filed against Petitioner subsequent to that arrest.  (ECF No. 1 at 6–9; ECF No. 8-2.)  On June 23, 2026, Petitioner was released from county jail and transported to federal immigration authorities for detention.  (ECF No. 8-1 at 2.)  Petitioner has no other criminal history. (*See* ECF No. 8-2.)  Immigration authorities detained Petitioner without notice or a hearing to determine if he poses a flight risk or danger to the community. (ECF No. 1 at 24.)  He has been detained over seven weeks without any hearing as to his detention.  (*Id.* at 7, 24.)  Petitioner now challenges the constitutionality of his detention.  (*Id.*)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

///

### III.    ANALYSIS

Petitioner claims his detention without a hearing violates the Fifth Amendment.  (ECF No. 1 at 24.)  Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and he is not in the class of persons covered by *Rodriguez Vazquez v. Bostock* because he was not initially encountered in the interior of the United States.  (ECF No. 8 at 1 (citing 2026 WL 2196424 (9th Cir. July 30, 2026)).)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas,* 533 U.S. at 693.  These due process rights extend to immigration proceedings and detention.  *Id.* at 693–94.

The Court finds Petitioner possesses a protected liberty interest and was denied the process necessary to ensure any deprivation of that interest accords with the Constitution.  *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause.  *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693.

Respondents' argument as to the applicability of 8 U.S.C. § 1226(b)(2) is unavailing as the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect.  *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026).  The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border.  *Id.* at *10.  In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) and are entitled to a hearing.  *Id.* at *3.

Respondents argue that *Rodriguez Vazquez* does not apply to Petitioner because "he was not initially encountered in the interior of the United States."  (ECF No. 8 at 1.)  Respondents provide no further explanation or authority for such an argument.  Respondents' anemic effort to narrow *Rodriguez Vazquez* is unpersuasive.

Petitioner was apprehended in the interior of the country in San Antonio, Texas after he

3

lived at liberty because the government released him on his own recognizance. According to Respondents' documents, he is present in this country without admission. Therefore, Petitioner falls squarely within the category of persons covered by *Rodriguez Vazquez* who are subject to § 1226(a). 2026 WL 2196424 at *3 ("[noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not 1225(b)(2)(A).") Accordingly, the Court finds Petitioner is not subject to mandatory detention and he maintains a clear interest in his continued liberty protected by the Due Process Clause.

Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed notice and a hearing before a neutral decisionmaker to determine whether his detention was justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Respondents have not provided Petitioner any custody hearing either pre- or post-deprivation in over seven weeks of detention. Therefore, Respondents have violated the Fifth Amendment Due Process Clause.

**IV.   CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is hereby GRANTED. It is FURTHER ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Juander Jose G.R. (A# 245-628-684) from custody under the same conditions as his prior release. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents must file a **notice of compliance** with this provision by **August 14, 2026**.

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative

to detention can mitigate that risk.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.  Petitioner's motion to proceed in forma pauperis (ECF No. 3) is GRANTED.

4.  Petitioner's motions for temporary restraining order (ECF No. 2) and to appoint counsel (ECF No. 4) are DENIED as MOOT.

5.  The Clerk of Court shall serve this Order on the **Central Valley Annex**.

6.  The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: August 10, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE